Filed 9/15/22  P. v. Lamarca CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079657 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF004354) |
| RICHARD LAMARCA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed in part, sentence vacated, and the case remanded for a new sentencing hearing.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene Sevidal, Warren J. Williams, and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Richard Lamarca pleaded no contest to one count of felony false imprisonment (Pen. Code,[1] § 236). The remaining count was dismissed. Lamarca also admitted a strike prior (§ 667, subds. (b)-(i)). The parties agreed to an upper term sentence of three years, doubled due to the strike prior, to be suspended pending a grant of probation. Lamarca was released pending sentencing, subject to certain conditions. Lamarca violated the terms of his release and was taken into custody. He was ultimately sentenced to the specified six-year term.

Lamarca appeals contending the trial court erred in selecting the upper term for the offense. He contends the trial court did not understand the nature of its discretion in considering an upper term sentence. He also argues the case must be remanded for a new sentencing hearing in light of newly enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which makes material changes in the discretionary authority of trial judges considering selection of an upper term sentence.

The Attorney General responded, conceding Lamarca is entitled to a new sentencing hearing in light of new legislation. We agree with the parties that Lamarca is entitled to retroactive application of Senate Bill 567 and thus is entitled to have the matter remanded to the trial court.

## DISCUSSION[2]

Senate Bill 567 makes significant changes to section 1170, subdivision (b) regarding the selection of an upper terms. (Stats. 2021, ch. 731, § 1.3.) As the parties agree, the changes apply retroactively to the

---

[1] All further statutory references are to the Penal Code.

[2] Given the limited nature of this appeal, we find it unnecessary to discuss the facts of the underlying offense.

current sentence. (*In re Estrada* (1965) 63 Cal.2d 740.) The current sentence was imposed before the effective date of Senate Bill 567, and thus does not utilize the procedural and substantive considerations of the new statute. We will remand for resentencing.

Regarding Lamarca's claim the court did not understand its discretionary authority, we agree with the Attorney General that such issue can be considered on remand if appropriate.

## DISPOSITION

The sentence is vacated, and the matter is remanded to the superior court with directions to conduct a new sentencing hearing consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

DO, J.

3